NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 10-CV-020-JBC

DANIEL WEYMOUTH                                                                          PETITIONER

VS:                                **AMENDED
                        MEMORANDUM OPINION AND ORDER**

DEBORAH HICKEY, Warden
RESPONDENT

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Daniel Weymouth, an individual currently in the custody of the Federal Bureau of Prisons ("BOP") and incarcerated at the Federal Medical Center in Lexington, Kentucky, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition is now before the court for screening. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, \*1 (6th Cir. 2002). During screening, the allegations in a *pro se* petition are taken as true and liberally construed in the *pro se* petitioner's favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the court may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines that the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987). For the reasons set forth below, this cause of action will be dismissed.

**CLAIMS**

Petitioner alleges that the BOP has been awarding good conduct time ("GCT") at a maximum rate of 47 days per year rather than a 54-day maximum of GCT yearly, the amount to which federal prisoners, including himself, are entitled.  Therefore, he says, his rights under the controlling statute, *i.e.*, 18 U.S.C. Section 3624(b), and his due process rights under the Constitution are being violated.  He seeks to have the amount of his GCT properly adjusted.

**DISCUSSION**

Weymouth is not entitled to the relief which he seeks, for several reasons. First, as a federal prisoner, he has an administrative remedy, *i.e.*, 28 C.F.R. § 542.10-.19, and he did not exhaust that process prior to coming to federal court.  Federal prisoners must fully exhaust the available administrative remedies within the BOP before filing a petition seeking habeas corpus relief pursuant to Section 2241.  *See, e.g., Kendrick v. Carlson*, 995 F.2d 1440, 1447 (8th Cir. 1993); *Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992) (per curiam); *Little v. Hopkins*, 638 F.2d 953, 953-954 (6th Cir. 1981) (per curiam).  Upon finding that the plaintiff has failed to exhaust the administrative remedies prior to coming to court, the court may dismiss the action*.  Campbell v. Barron*, 87 Fed.Appx. 577 (6th Cir. 2004) ("the district court properly dismissed Campbell's petition because Campbell had not exhausted his administrative remedies before filing his petition").

However, even if the court waived the exhaustion requirement or the instant

petitioner had unsuccessfully presented his argument to the BOP authorities through the entirety of its administrative scheme to exhaustion, he would still not be entitled to the relief he seeks. The BOP awards credit for good conduct as follows:   . . .

> **(b) Credit toward service of sentence for satisfactory behavior.** - -
> . . .[A] prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to a determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. . . .

18 U.S.C. § 3624(b)(1). Weymouth argues that the phrase "term of imprisonment," means "the sentence imposed" by the sentencing court; therefore, he argues, he is entitled to the length of his sentence in years, multiplied by the days in the statute, 54 days.

However, under the BOP's interpretation, a prisoner's award is less because an inmate will not actually serve his full sentence in any year if he earns GCT for that year. The BOP promulgated 28 C.F.R. § 523.20, to reflect its interpretation as time actually served; the regulation provides for the § 3624(b) award, as follows:

> an inmate earns 54 days credit toward service of sentence (good conduct time credit) for each year served. This amount is prorated when the time served by the inmate for the sentence during the year is less than a full year.

28 C.F.R. §523.20. Program Statement (P.S.) 5880.28 is the BOP's Sentence Computation Manual, containing the method for computing GCT based on the time

3

served.

Petitioner's arguments challenging the BOP's computation of GCT awards have been consistently rejected by federal courts across the nation and by this court. *See Perez-Olivo v. Chavez,* 394 F.3d 45 (1st Cir. 2005) (noting that "the Sixth Circuit has also upheld the BOP's method of calculation in two unpublished opinions"); *Pacheco-Camacho v. Hood*, 272 F.3d 1266, 1271 (9th Cir. 2001); *Sash v. Zenk*, 344 F. Supp. 2d 376 (E.D.N.Y 2004); *Graves v. Bledsoe*, 334 F. Supp. 2d 906, 908 (W.D. Va. 2004); *Brown v. Hemingway*, 53 Fed. Appx. 338 (6th Cir. 2002); *White v. Scibana*, 390 F.3d 997 (7th Cir. 2004).

In determining whether the Bureau of Prisons has correctly interpreted the statute, this court adopts the approach of *Perez-Olivo v. Chavez*, *supra*. The court applies the two-part test set out in *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837 (1984). Congress has not defined the subject phrase "term of imprisonment." Further, it does not have a "plain and unambiguous meaning." *Perez-Olivo* 394 F.3d at 49.

Nor does the legislative history of the statute resolve the ambiguity. Other courts have concurred; indeed, "the only court that has found 'term of imprisonment' to mean unambiguously 'sentence imposed' was recently reversed on appeal." *Id.* at 51-52, citing *White v. Scibana*, 390 F.3d 997, 2004 WL 2749863 (7th Cir. 2004) (reversing *White v. Scibana*, 314 F.Supp.2d 834 (W.D.Wis. 2004).

4

The Bureau of Prisons' interpretation of the statute is reasonable. The statute "first directs the BOP that a prisoner "may receive credit toward the service of the prisoner's sentence . . . at the end of each year. . . . This is a clear congressional directive that the BOP look retroactively at a prisoner's conduct over the prior year, which makes it reasonable for the BOP only to award [good conduct time] for time served." *Id.* at 52.

The statute goes on to direct the BOP that a prisoner may receive [good conduct time] only "if the prisoner has displayed exemplary compliance with institutional disciplinary regulations. . . ." This evidences Congress's clear intent that the BOP evaluate a prisoner's conduct during his time in prison, making it reasonable for the BOP to require that time actually be served in order for the conduct during that time to be evaluated. *Id.* at 53.

The Sixth Circuit has affirmed this court's dismissals of similar habeas petitions. In *Petty v. Stine*, 424 F.3d 509 (6th Cir. 2005), affirming *Petty v. Stine*, E.D.Ky. No. 6:05-CV-063-DCR, the appellate court wrote as follows in a succinct, published opinion:

> The BOP's interpretation of the statute is reasonable. *Brown v. Hemingway*, No. 02-1948, 2002 WL 31845147, at *1 (6th Cir. Dec.16, 2002) (unpublished); *see also Williams v. Lamanna*, No. 01-3198, 2001 WL 1136069, at *1 (6th Cir. Sept.19, 2001) (unpublished). For further discussion, *see Yi v. Fed. Bureau of Prisons*, 412 F.3d 526 (4th Cir.2005) (unpublished); *O'Donald v. Johns*, 402 F.3d 172, 173-74 (3d Cir.2005); *Perez-Olivio v. Chavez*, 394 F.3d 45, 47-54 (1st Cir.2005); and *White v. Scibana*, 390 F.3d 997, 999-1003 (7th Cir.2004), *cert. denied*, --- U.S. ----, 125 S. Ct. 2921, 162 L. Ed.2d 297 (2005) (all upholding the BOP interpretation).

*Id.*, at 510, *cert. denied*, 547 U.S. 1194 (2006).

For these reasons, the court will dismiss the instant petitioner's §2241 petition *sua sponte*. Further, the court will certify that an appeal of this decision would not be taken in good faith.

### CONCLUSION

Accordingly, the court being advised, **IT IS ORDERED** as follows:

(1)   Daniel Weymouth's petition for writ of habeas corpus is **DENIED**; and

(2)   this action will be **DISMISSED** from the docket of the court, and judgment shall be entered contemporaneously with this memorandum opinion and order in favor of the respondent.

Signed on  March 9, 2010

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY